## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JENNIFER R. FERRELL,**
**Claimant Below, Petitioner**

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0581** (BOR Appeal No. 2050963)
(Claim No. 2015015982)

**CHARLESTON AREA MEDICAL CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jennifer R. Ferrell, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal in this case is the compensability of the claim. On December 22, 2014, the claims administrator rejected Ms. Ferrell's application for workers' compensation benefits. The Office of Judges affirmed the decision on November 17, 2015. The Board of Review affirmed the Office of Judges' Order on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ferrell, a nurse manager for Charleston Area Medical Center, was injured on December 4, 2014, when she was struck by a delivery truck. A Security Department Incident Report completed by Charleston Area Medical Center's security personnel stated that she began crossing the street behind the truck while it was reversing. She was knocked to the ground and the truck's rear wheel rolled over her. A Traffic Crash Report completed by Corporal Jones states that a truck driver was backing up toward a loading dock and did not see Ms. Ferrell. There were two witnesses to the incident, Brian Boland and Michelle Rene Justice. Mr. Boland stated that he was approaching the loading dock when he witnessed a person being struck by a

1

delivery truck. He rendered aid. Ms. Justice stated that she was walking down the service alley when she saw Ms. Ferrell walking down 32nd Street. She witnessed her being hit and run over by the delivery truck. Corporal Jones also interviewed Ms. Ferrell who reported that she left her house and was walking to work at Charleston Area Medical Center. The next thing she knew, she was knocked down and ran over. Corporal Jones also reviewed Charleston Area Medical Center's surveillance video of the incident. He stated that it shows Ms. Ferrell walking in the middle of the roadway when she was struck by the truck. Corporal Jones concluded that a pedestrian, when walking on the roadway, has to walk adjacent to the roadway on the left side facing traffic. Every pedestrian must yield the right-of-way to vehicles. Ms. Ferrell was determined to be at fault for the accident for walking in the middle of the roadway and not yielding to the truck.

The claims administrator rejected the claim on December 22, 2014. It stated that the accident did not occur on Charleston Area Medical Center's property. It occurred in the middle of 32nd Street, which is owned by the City of Charleston. Ms. Ferrell testified in a deposition on July 16, 2015, that she works for Charleston Area Medical Center and walks to work every day. She stated that there were no trucks present when she turned onto 32nd Street. When she made it to the loading dock, she was struck by a delivery truck. The driver did not notice that he hit her and the truck ran completely over her. She stated that she believes she was struck on Charleston Area Medical Center's property because there are "No Smoking" signs in the area where she was hit. Also, she was close to the loading bay when she was pulled from under the truck. Ms. Ferrell further testified that she was struck in an area where she normally crosses the street to enter the loading dock's stairway, which is close to Charleston Area Medical Center. She testified that she underwent two surgeries for her arm, missed three months of work, and underwent months of physical therapy.

In a September 21, 2015, affidavit, Raymond George, stated that he is the construction manager for Charleston Area Medical Center and is familiar with the area where Ms. Ferrell was hit. He stated that she was struck on 32nd Street, which is a public street and not on Charleston Area Medical Center's property. Moreover, he stated that he contacted a design technician for the City of Charleston who informed Mr. George that to the best of his knowledge, the alley behind Charleston Area Medical Center between 31st Street and 33rd Street is public. The design technician could not find any City Council action closing the alley or record stating that it was public. On September 29, 2015, Mr. Boland stated in an affidavit that he had an unobstructed view of the accident. He witnessed Ms. Ferrell walking on 32nd Street toward Charleston Area Medical Center as the delivery truck was backing up toward her. The truck hit her from behind and ran over her. Mr. Boland stated that he ran out of the loading dock and onto 32nd Street to render aid. When he arrived, Ms. Ferrell was lying in the street. He stated that he reviewed a surveillance video of the scene and asserted that there is no doubt that she was on 32nd Street when she was struck. Charleston Area Medical Center submitted two pictures and footage from its security video. Two people can be seen talking in the middle of the road. Above them, on the left side, Ms. Ferrell can be seen being struck by the delivery truck. She is in the middle of the road.

2

The Office of Judges affirmed the claims administrator's rejection of the claim on November 17, 2015. The Office of Judges applied *Williby v. West Virginia Office of Insurance Commissioner and First Century Bank,* 24 W.Va. 358, 686 S.E.2d. 9 (2009), which states that an injury incurred while traveling to work, and not on the premises of the employer, does not give right to a compensable injury unless the place of injury was brought into the scope of employment by an express or implied requirement in the contract of employment. It further states that an employee is entitled to compensation for an injury sustained in going to or from work only where such injury occurs within the zone of employment and that zone must be determined by the circumstances of the particular case presented. The Office of Judges determined that a preponderance of the evidence indicates that Ms. Ferrell was walking to work, that she was not struck on Charleston Area Medical Center's property, and that she was not injured in the course of or resulting from her employment. Ms. Ferrell believes that she was on Charleston Area Medical Center's property when she was injured; however, video of the injury indicates she was walking in the middle of a residential road when she was struck. The Office of Judges found no evidence that she was performing any express or implied duties for the employer while she was walking to work. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 20, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Two witnesses to the accident both stated that Ms. Ferrell was in the middle of the road when she was struck. Surveillance footage of the accident clearly shows her in the middle of the road, as affirmed by Corporal Jones's traffic report, Mr. George, and the witnesses. Per *Williby*, since Ms. Ferrell was not struck on the employer's property and was not performing any express or implied duties, the claim was properly rejected.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker